# United States District Court
## for the
## Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 24-MJ-614 |
| ANDREW J. MURRAY, | |
| Defendant | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 14, 2024, in the County of Monroe, in the Western District of New York, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | Interference with commerce by threats or violence |
| 18 U.S.C. § 924(c)(1)(A)(ii) | Brandishing a firearm during and in relation to a crime of violence |

This Criminal Complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_Joshua Moldt, Special Agent_
Federal Bureau of Investigations

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

Date: October 31, 2024

City and State: Rochester, New York

_HON. MARK W. PEDERSEN_
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   -v-

ANDREW J. MURRAY

               Defendant.

24-MJ-614

---

State of New York  )
County of Monroe  ) ss:
City of Rochester  )

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

**JOSHUA J. MOLDT**, being duly sworn, deposes and says:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Rochester, New York Resident Agency. I have been employed as an FBI Special Agent for over eight years. As part of my professional experience, I have participated in investigations involving gangs, bank robberies, Hobbs Act robberies, fugitives, illegal drug trafficking, and national security matters. As an FBI Special Agent, I am charged with the duty of investigating violations of the laws of the United States, collecting evidence in cases in which the United States is or may be a party in interest, and performing other duties imposed by law.

2. This affidavit is submitted in support of a criminal complaint charging **ANDREW JORELL MURRAY** for a violation of Title 18, United States Code, Section 1951(a) (interference with commerce by threats or violence), and Title 18, United States Code,

1

Section 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence) committed on or about October 14, 2024. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not included each and every fact I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe the defendant committed the above-mentioned offenses. Where statements of others are related herein, they are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged. Furthermore, explanations in parentheses are based upon my knowledge and experience, the knowledge, training, and experience of law enforcement agents and officers with whom I have spoken, and the results of the investigation to date. In support thereof, I respectfully state the following:

## SUBJECT VIOLATIONS

3. Based on the facts set forth in this affidavit, there is probable cause to believe that on or about October 14, 2024, in the City of Rochester, Western District of New York, the subject, **ANDREW JOREL MURRAY** (hereinafter "**MURRAY**"), by force, violence and intimidation, did take from the person and presence of another, money and property, namely $86 in United States currency, belonging to and in the care, custody, control, management and possession of the convenience store, Fast Stop Mart located at 917 North Street. At times relevant to this investigation, some of the goods supplied to the aforementioned commercial store were shipped from outside New York State; thus,

2

**MURRAY**, while in the Western District of New York, did knowingly, willfully, and unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in particular, the robbery of assets, including United States currency, all in violation of Title 18, United States Code, Section 1951(a). Title 18, United States Code, Section 1951(a), is a crime of violence as that term is defined in Title 18, United States Code, Section 924(c)(3). As such, **MURRAY** did brandish a firearm as that term is defined in Title 18, United States Code Section 924(c)(4), during the commission of a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## BACKGROUND

4.      The FBI's Rochester Area Major Crimes Task Force, in conjunction with the New York State Police (NYSP) and the Rochester Police Department (RPD) investigated a gun point robbery that occurred at the Fast Stop Mart located at 917 North Street in the City of Rochester on October 14, 2024. Based on the evidence and circumstances outlined in this application, the FBI believes probable cause exists that **MURRAY** committed the acts detailed in the following section in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), and 1951(a).

## FAST STOP MART ROBBERY INVESTIGATION

5.      On October 14, 2024, at approximately 9:17 a.m., an unknown male (hereinafter "the Subject") entered the Fast Stop Mart convenience store located at 917 North

3

Street, Rochester, New York. The subject, who was described as wearing a peach/black jacket, with a brown hoodie underneath, and brown pants walked into the store and approached the counter. He engaged one of the store's clerks (hereinafter "Victim 1"), claiming that he had been overcharged $86 for a purchase the day prior.

6. On October 13, 2024, the Subject and an unknown female had entered that Fast Stop Mart and purchased $16.50 in merchandise. The Subject was wearing the same clothing as he was wearing on October 14, 2024. The unknown female completed the sale by credit card without incident. When the two left, the Subject got into the driver's seat of a newer model, white sedan, with a black roof, believed to be an Audi, and the female got into the passenger seat before the vehicle drove away.

7. On October 14, 2024, responding to the Subject's claim, Victim 1 tried to explain to the Subject that the Subject had not in fact been overcharged. The Subject then stepped back from the counter and put a hand into his jacket pocket. He lifted up his jacket revealing to Victim 1 he had a black handgun tucked into his waistband. The Subject then re-approached the counter and Victim 1, and pulled a black handgun out from his jacket pocket. Holding the gun in his left hand, the Subject then told Victim 1, "Give me my money or there's gonna be problems." Victim 1 went to the cash register, took out $86 in cash and handed it to the Subject. The Subject left the store, got into the driver's seat of the same, newer model, white sedan, with a black roof, believed to be an Audi, and drove out of the parking lot eastbound on Clifford Avenue.

8. Security camera footage from the Fast Stop Mart was obtained and reviewed by investigators. The footage corroborated Victim 1's account of the incident. From that footage, investigators further identified the involved white sedan as a newer model, Audi A3

4

with silver rims, thin sport tires, with either a black roof or a large sun roof, and white license plates.

9. On October 15, 2024, at approximately 9:00 a.m., having been made aware of the robbery that occurred the day before at the Fast Stop Mart, RPD officers spotted a vehicle matching the above description bearing NY registration number LPM5081. Officers conducted a traffic stop on the vehicle as it departed a gas station. The driver, and sole occupant, was identified as **MURRAY** by his New York identification, and stated he was on his way to court. One of the two RPD officers involved in the traffic stop recognized **MURRAY** by both face and name. **MURRAY** was released from the stop without incident.

10. Following the traffic stop, the same two RPD officers involved in the stop reviewed security camera footage from the Fast Stop Mart robbery on October 14, 2024, and both Officers recognized the Suspect to be **MURRAY**.

11. Moreover, **MURRAY** appeared to be wearing the same puffy peach/black jacket during the traffic stop on October 15, 2024, as he had been wearing during the robbery on October 14, 2024, and his encounter in Fast Stop Mart on October 13, 2024.

12. On or about October 18, 2024, investigators met with Victim 1 and conducted a double-blind photo array which consisted of pictures of six individuals including **MURRAY**. Victim 1 identified **MURRAY** as the individual who committed the October 14, 2024, Fast Stop Mart robbery. The photo array procedure was administered according to RPD's rules and procedures.

13. On or about October 22, 2024, investigators met with another store clerk (hereinafter "Clerk 2") at the Fast Stop Mart, who had been present on October 13, 2024, when **MURRAY** and the unknown female visited the store and made the $16.50 purchase.

5

Following the robbery, Clerk 2 had reviewed the security camera footage from the robbery on October 14, 2024. Investigators met with Clerk 2 and conducted a double-blind photo array which consisted of pictures of six individuals including **MURRAY**. Clerk 2 identified **MURRAY** as the Subject who had patronized the Fast Stop Mart with the unknown female on October 13, 2024, and committed the robbery on October 14, 2024. The photo array procedure was administered according to RPD's rules and procedures.

## CONCLUSION

14. Based upon the above, there is probable cause to believe that **MURRAY** committed the October 14, 2024 robbery of the Fast Stop Mart convenience store located at 917 North Street, Rochester, New York, in the Western District of New York, in violation of Title 18, United States Code, Section 1951(a) (interference with commerce by threats or violence), and Title 18 United States Code, Section 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence).

JOSHUA J. MOLDT
Special Agent
Federal Bureau of Investigation

Affidavit submitted electronically by email in .pdf format.
Oath Administered, and contents and signature attested to
me telephonically pursuant to Fed. R. Crim. P. 4.1 and
41(d)(3) on October 31, 2024.

HONORABLE MARK W. PEDERSEN
United States Magistrate Judge